**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| KATHRYN SOMMERS-TREON, | Case No. 1:18-CV-605 |
| Plaintiff, | Black, J.<br>Bowman, M.J. |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**MEMORANDUM OF OPINION AND DECISION**

Plaintiff Kathryn Sommers-Treon seeks judicial review of the agency's final decision that she was not disabled, and therefore not entitled to Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). Proceeding through counsel, Plaintiff presents one claim of error, which the Defendant disputes. For the reasons explained below, I conclude that the ALJ's finding of non-disability should be VACATED, because it is not supported by substantial evidence in the administrative record.

**I. Summary of Administrative Record**

On August 4, 2015, Plaintiff filed an application for DIB and SSI. In both applications, Plaintiff alleged disability beginning January 1, 2011. Plaintiff's applications were denied initially on January 5, 2016, and upon reconsideration on March 25, 2016. Thereafter Plaintiff filed a written request for a hearing on April 8, 2016. On November 8, 2017, Administrative Law Judge (ALJ) Reuben Sheperd held a video hearing. Plaintiff appeared with counsel in Dayton, Ohio, and the ALJ presided over the hearing from Akron, Ohio. Bruce Holderead, an impartial vocational expert, appeared via telephone at the hearing, without objection. As of her alleged disability onset, Plaintiff was a younger

1

individual (under age 50); however, prior to the ALJ's decision, she changed age categories to an individual "closely approaching advanced age" (age 50-54). The ALJ denied Plaintiff's claims on February 15, 2018. Plaintiff now seeks judicial review of the denial of her application for benefits.

Plaintiff was 53 years old on the date of the ALJ's decision (Tr. 45). Plaintiff testified that she is a college graduate and has past relevant work as a still photographer (Tr. 28, 50). Plaintiff testified that she is divorced and her special needs son that is 22 years old lives with her (Tr. 49).

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "cataracts; degenerative disc disease of the lumbar spine with stenosis; degenerative disc disease of the cervical spine with stenosis; fibromyalgia; depressive disorder; personality disorder; post-traumatic stress disorder; attention deficit disorder" (Tr. 18). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. The ALJ determined Plaintiff retains the following residual functional capacity ("RFC") to perform light work with the following limitations:

> [T]he claimant may frequently stoop, kneel, crouch, crawl, climb ramps and stairs, but may never climb ladders, ropes or scaffolds; the claimant must avoid all exposure to workplace hazards, including unprotected heights, moving mechanical parts and commercial driving, and must avoid more than moderate noise levels [consistent with an office setting]; the claimant is limited to the performance of simple, routine tasks and the making of no more than simple, work-related decisions, undertaken in a work setting that is routine, in that it contemplates few changes in workplace tasks or duties, which setting requires no more than frequent interaction with co-workers, supervisors or the public.

(Tr. 21)

Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that

2

Plaintiff is unable to perform her past relevant work. Nonetheless, there are jobs that exist in significant numbers in the national economy that she can perform, including such jobs as a housekeeper, sales attendant, and marker (Tr. 29). Accordingly, the ALJ determined that Plaintiff was not under disability from January 1, 2011, through the date of decision, as defined in the Social Security Regulations, and is not entitled to DIB. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by relying upon jobs identified by the vocational expert to fulfill his step 5 burden without properly addressing Plaintiff's objections and rebuttal evidence regarding that testimony. Upon close analysis, I conclude that Plaintiff's assertion is well-taken.

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for SSI or DIB a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §§423(a), (d), 1382c(a). The definition of the term "disability" is essentially the same for both DIB and SSI. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen*, 476 U.S. at 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by

substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national

4

economy.  *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits.  20 C.F.R. § 404.1512(a).  Thus, a plaintiff seeking benefits must present sufficient evidence to show that, during the relevant time period, he or she suffered impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job in the national economy.  42 U.S.C. § 423(d)(1)(A).

**II. The ALJ's Decision is Supported by Substantial Evidence**

On appeal to this Court, Plaintiff argues that the ALJ's step five determination is not supported by substantial evidence. Namely, Plaintiff argues that the ALJ erred by relying upon jobs identified by the vocational expert to fulfill his step 5 burden without properly addressing Plaintiff's objections and rebuttal evidence regarding that testimony.

Here, the ALJ determined that Plaintiff was unable to perform any past relevant work. Thereafter, the ALJ proceeded to step-five in the sequential evaluation.  At step five, the burden shifted to the ALJ to establish that there is other work in the economy that Plaintiff can perform despite her RFC and "vocational factors" of age, education and prior work experience. 20 C.F.R. §§ 404.1520, 404.1560(c)(1)-(2), 404.1566(d); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002); *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). An ALJ may rely on VE testimony to meet this burden provided that such evidence is up to date and reliable. 20 C.F.R. §§ 404.1566; 404.1560(c)(2); SSR 00-4p; *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 603 (6th Cir. 2009).

Here, at the administrative hearing, the ALJ asked the VE to consider whether there were any jobs that an individual with Plaintiff's vocational profile and RFC could perform. (Tr. 92). The VE testified that an individual with the specified characteristics was able to perform unskilled jobs at the light exertional level with a specific vocational preparation (SVP) factor two, that exist in the national economy, such as housekeeper (Dictionary of Occupational Titles (DOT) No. 323.687-014), with 500,00 jobs in the national economy; sales attendant (DOT 299.677-010), with 215,000 jobs in the national economy; and marker (DOT 209.587-034), with 300,000 jobs in the national economy. (Tr. 92-94). The VE also testified that his testimony was consistent with the DOT, except where the DOT or the SCO (the DOT's companion publication) did not address certain factors, including overhead reaching, a sit/stand option, time off-task, absenteeism, supervisor redirection every hour, and interactions during any training periods. (Tr. 95-98, 102, 106-07). The VE testified that where the DOT and the SCO did not address certain factors, he supplemented the DOT and the SCO based on his training, education, experience, knowledge of the labor market, and consultation with colleagues. (Tr. 95-98, 102, 106-07).

During the hearing, Plaintiff's counsel asked the VE the source of his job numbers and the VE testified that he considered several resources, including the U.S. Department of Labor Bureau of Labor Statistics, the job browser, U.S. publishing adjustments, and his experience, training, labor market information, and consultation with colleagues (Tr. 108-09). In light of this testimony, the ALJ concluded that Plaintiff was capable of performing jobs that exist in significant numbers in the national economy, including housekeeper, sales attendant, and marker, based on the VE's testimony and considering Plaintiff's age,

6

education, work experience, and RFC. (Tr. 28-29). Thus, given that the VE identified jobs that Plaintiff could perform despite her supported limitations, the ALJ found that Plaintiff was not disabled within the meaning of the Act.

After the vocational expert (VE) presented testimony at the administrative hearing in this case, Plaintiff submitted a Post-Hearing Memorandum of Law and Objections to the Vocational Witness' Testimony (objections memorandum), wherein she presented specific objections/ challenges to that testimony along with supporting rebuttal evidence. See PageID 402-454. Plaintiff argues that the ALJ failed to properly address her post-hearing objections and rebuttal evidence to the VE's testimony, specifically that the jobs identified by the VE are no longer unskilled jobs and exceeded the RFC. (Doc. 13, 3-13). Notably, the hearing level representative[1] had raised five individual objections to the vocational expert's testimony, on appeal to this Court Plaintiff raises only one objection: that up-to-date and currently maintained vocational information available from the United States Department of Labor (USDOL) casted doubt (at the very least) upon the reliability of the vocational expert's testimony that the three jobs identified met the requirements of the RFC to produce only unskilled jobs.

Notably, although these positions are described in the Dictionary of Occupational Titles (DOT) as unskilled work, Plaintiff argues that they do not appear to be currently performed as unskilled jobs based upon up-to-date information provided by the US Department of Labor (USDOL). PageID 409. The jobs of cleaner and marker are cross-walked with SOC Codes 37-2012.00 Maids and Housekeeping Cleaners and 43-5081.02 Marking Clerks, respectively, and, according to O*NET, these jobs are currently

---

[1] Plaintiff's counsel did not represent Plaintiff during the administrative proceedings in this case.

performed at the semiskilled to skilled levels, as they require a Specific Vocational Preparation (SVP) levels of 4 to < 6.10. This line of analysis also pertains to the job of sales attendant, which is cross-walked with SOC Code 41-2031.00 and, according to O*NET, this job is also currently performed at the semi-skilled to skilled level.

Here, in response to Plaintiff's objections to the testimony of the vocational expert, the ALJ expressly found "no reason to reject the testimony of the vocational expert." (Tr. 15-16). However, the ALJ did not specifically mention or address whether the DOT's descriptions were obsolete or whether the distinctions Plaintiff drew in her post-hearing memorandum between the DOT jobs the vocational expert identified and how those jobs are currently performed.

Notably, in *Westmoreland v. Berryhill*, No. 3:17-cv-00096-SLO, 2018 U.S. Dist. LEXIS 52032, at *10-11 (S.D. Ohio Mar. 28, 2018), the court found that that an ALJ's failure to adequately address objections/challenges to vocational testimony (specifically, failure to address challenges based on up-to-date and reliable job information) is error requiring remand because it critically undermines the ALJ's step 5 finding that there is other work the claimant can do, and effectively precludes meaningful judicial review:

> …Plaintiff correctly contends that the ALJ failed to adequately consider her post-hearing objections and evidence. "While the Social Security Commissioner does take administrative notice of [the DOT] when determining if jobs exist in the national economy, 20 C.F.R. § 404.1566(d)(1), common sense dictates that when such descriptions appear obsolete, a more recent source of information should be consulted."

*Id.* at *10 (*quoting Cunningham v. Astrue*, 360 F. App'x 606, 615, 2010 WL 22286, at *9 (6th Cir. 2010)).

The undersigned recognizes that ALJs are permitted to consider "'reliable job information' available from various publications" as evidence of the claimant's ability to do other work "that exists in the national economy." S.S.R. 00–4p, 2000 WL 1898704, at *2 (S.S.A. Dec. 4, 2000) (citing 20 C.F.R. §§ 404.1566(d) and 416.966(d)). Such publications include the DOT, which provides "information about jobs (classified by their exertional and skill requirements) that exist in the national economy." 20 C.F.R. § 416.969 [and §404.1569]. ALJs are also authorized to consider the testimony of so-called "vocational experts" … as a source of occupational evidence. S.S.R. 00–4p, 2000 WL 1898704, at *2. *Lindsley v. Comm'r of Soc. Sec.,* 560 F.3d 601, 603 (6th Cir. 2009). When a vocational expert's testimony conflicts with DOT information, "the Social Security Administration has imposed an affirmative duty on ALJs to ask the [vocational expert] if the evidence that he or she provided conflicts with the information provided in the DOT." *Id.* (citation and internal punctuation omitted). It is likewise mandatory for ALJs to "obtain a reason explanation for … apparent conflicts if the [vocational expert's] evidence appears to conflict with the DOT." *Id.* (citation and internal punctuation omitted).

In light of these arguable distinctions between the DOT's job descriptions and the much more recent information compiled in O*NET, the vocational expert's DOT-based testimony is "does not warrant a presumption of reliability." *Cunningham*, 360 F. App'x at 616. A remand is therefore warranted under sentence four of 42 U.S.C. §405(g) for consideration of whether the DOT descriptions "were reliable in light of the economy as it existed at the time of the hearing before the ALJ." *Id.*

### III. Conclusion and Recommendation

In light of the foregoing, remand under Sentence Four of § 405(g) for further proceedings is warranted. A sentence four remand under 42 U.S.C. § 405(g) provides the required relief in cases where there is insufficient evidence in the record to support the Commissioner's conclusions and further fact-finding is necessary. *See Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir.1994) (citations omitted). In a sentence four remand, the Court makes a final judgment on the Commissioner's decision and "may order the Secretary to consider additional evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place." *Faucher*, 17 F.3d at 175. All essential factual issues have not been resolved in this matter, nor does the current record adequately establish Plaintiff's entitlement to benefits as of her alleged onset date. *Faucher,* 17 F.3d at 176.

For the reasons explained herein, **IT IS ORDERED THAT** Defendant's non disability finding is **VACATED,** this matter is **REMANDED** under sentence four of 42 U.S.C. § 405(g) consistent with this Opinion; and this case is **CLOSED.**

   *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge